UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN T.B. DOE | CIVIL ACTION |
| VERSUS | NO. 22-840-RLB |
| SALESIANS OF DON BOSCO, ET AL. | CONSENT |

**ORDER**

Before the Court is Defendant's Motion to Stay Proceedings or Dismiss for Failure to Include Necessary Party. (R. Doc. 33). The motion is opposed. (R. Doc. 34).

**I.    Background**

On or about March 31, 2022, John T.B. Doe ("Plaintiff"), initiated this child sex abuse case in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-2). Plaintiff seeks recovery from the Salesians of Don Bosco (a/k/a Salesians of Don Bosco, Canada and Eastern USA) (a/k/a Salesians of Don Bosco, Province of St. Philip the Apostle) (d/b/a Salesian Society, Inc.) ("SSI" or "Defendant"), a religious order of the Roman Catholic Church, as well as the fictitious ABC Insurance Company.

In his amended pleading, Plaintiff alleges that while he was a freshman at Archbishop Shaw High School from 1974-1975, he was sexually abused by Father Sean Leo Rooney, a Roman Catholic Priest and teacher who was a member of and ordained by SSI. (R. Doc. 1-3 at 2-3). Plaintiff alleges that Father Rooney was assigned by SSI to work as a priest at Archbishop Shaw High School, and that SSI was "ultimately responsible for the supervision, oversight, management, retention, and control of the actions and conduct" of Father Rooney. (R. Doc. 1-3 at 4). Among other things, Plaintiff alleges that SSI had actual and/or constructive knowledge of Father Rooney's sexual interest in children. (R. Doc. 1-3 at 6). Plaintiff seeks recovery under

Louisiana tort law pursuant to Articles 2315, 2317, and 2320 of the Louisiana Civil Code. (R. Doc. 1-3 at 12). As explained below, while these claims would ordinarily be time-barred (*i.e.*, prescribed), recent Louisiana legislation has retroactively revived claims for sexual abuse of minors.

On October 27, 2022, SSI removed this action asserting that it is proper to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

On January 3, 2023, by consent of the parties, the case was stayed and administratively closed pending certain decisions in Louisiana courts adjudicating the constitutionality of the Louisiana legislation retroactively reviving claims for sexual abuse of minors. (R. Doc. 11).

After the Louisiana Supreme Court concluded that the foregoing legislation did not violate due process, the stay was lifted on August 27, 2024. (R. Doc. 15). The parties then consented to proceed before the undersigned for further proceedings. (*See* R. Docs. 18, 19).

SSI then filed its first Motion to Dismiss, arguing that Plaintiffs claims must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because Plaintiff's claims are prescribed. (R. Doc. 21). The Court denied the motion. (R. Doc. 35).

SSI now seeks relief pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure,[1] arguing that the proceedings must be stayed or dismissed because The Roman Catholic Church for the Archdiocese of New Orleans ("Archdiocese") is a necessary and

---

[1] Rule 19 no longer uses the terms "necessary" or "indispensable." *See Manning v. Manning*, 304 F.R.D. 227, 229–30 (S.D. Miss. 2015) ("The Court recognizes that after the 2007 amendments to the Rules, Rule 19 no longer asks whether a party is 'necessary,' nor does it include the term 'indispensable.'") (citing *Republic of Philippines v. Pimentel,* 553 U.S. 851, 855 (2008) (noting the changes to Rule 19)). These changes are stylistic only. *Philippines*, 553 U.S. at 855 (citing Advisory Committee's Notes on 2007 Amendment to Fed. R. Civ. P. 19). That said, this Order will not correct the use of "necessary" and "indispensable" to the extent used by the parties and the applicable jurisprudence.

indispensable party. (R. Doc. 33).² The Archdiocese initiated a Chapter 11 bankruptcy proceeding on May 1, 2020. *See In re Roman Cath. Church of Archdiocese of New Orleans*, No. 20-10846, ECF No. 1 (Bankr. E.D. La.). There is no dispute that Plaintiff filed a claim in the bankruptcy proceeding. The bankruptcy ended on December 8, 2025 with a $230 million settlement and approval of an Amended Chapter 11 Plan. *See id.*, ECF No. 4767.

Having considered the pleadings and he arguments of the parties, the Court concludes that SSI has failed to establish that the Archdiocese is a required party pursuant to Rule 19(a). Furthermore, to the extent the Archdiocese is a required party, and its joinder is not feasible in this action, the Court concludes that the action should nevertheless proceed among the existing parties pursuant to Rule 19(b). For these reasons, the Court will deny relief pursuant to Rule 12(b)(7).

**II.    Law and Analysis**

    **A.    Legal Standards**

A party may seek dismissal of an action for failure to join a party as required under Rule 19. Fed. R. Civ. P. 12(b)(7). Under Rule 19(a)(1), joinder of a party is required if:

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

---

² SSI also appears to argue that "Catholic Charities" is a necessary party to this action. (*See* R. Doc. 33 at 1). But other than referencing "Catholic Charities" – presumably a reference to Catholic Charities, Archdiocese of New Orleans – SSI does not set forth any basis for concluding that this separate entity is a necessary party to this action.

Fed. R. Civ. P. 19(a)(1). "If a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

In other words, Rule 12(b)(7) requires a two-step inquiry. *See HS Resources, Inc. v. Wingate,* 327 F.3d 432, 439 (5th Cir. 2003). The court must first determine whether the absent party is required to be joined if feasible pursuant to Rule 19(a) after consideration of the various factors. If the absent party is a required party but joinder is not feasible, then the Court must determine under Rule 19(b) whether to continue the action without the absent party or dismiss the action. "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Hood ex rel. Mississippi v. City of Memphis, Tenn.,* 570 F.3d 625, 628 (5th Cir. 2009) (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)). "Rule 19 requires a 'highly-practical, fact-based inquiry. *Cook v. Marshall*, 126 F.4th 1031, 1037 (5th Cir. 2025) (finding district court did not abuse discretion in concluding that co-trustees were not required parties, noting that district court could consider comparative fault evidence regardless of whether the co-trustees were joined as defendants).

    B.    Analysis

        1.    **Rule 19(a)(1)(A)**

The Archdiocese is a "required" party to this action if, in its absence, "the court cannot accord complete relief among existing parties," namely Plaintiff and SSI. *See* Fed. R. Civ. P. 19(a)(1)(A). "To determine whether complete relief is available without the absent party, 'the

4

Court looks to the relief prayed for by the claimant.'" *Union Pac. R.R. Co. v. City of Palestine*, 517 F. Supp. 3d 609, 619 (E.D. Tex. 2021) (quoting *Cain v. City of New Orleans*, 184 F. Supp. 3d 349, 358 (E.D. La. 2016)). "The assessment of 'complete relief' is based on the then-existing facts. Courts do not consider whether the absent party might later be responsible on theories of contribution or indemnification, and even if an absent party might be jointly and severally liable with the named defendant, courts may still afford complete relief as between the plaintiff and the named defendant." *Pavecon Holding Co. v. Tuzinski*, No. 16-888, 2017 WL 2539414, at *3 (E.D. Tex. May 19, 2017), *report and recommendation adopted*, 2017 WL 2506468 (E.D. Tex. June 9, 2017) (citing *Niven v. E-Care Emergency Mckinney, LP*, No. 14-494, 2015 WL 1951811, at *1 (E.D. Tex. Apr. 10, 2015); *Bro-Tech Corp. v. Purity Water Co.*, 681 F. Supp. 2d 791, 806 (W.D. Tex. 2010)). Instead, Rule 19(a)(1) focuses "on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *GE Bus. Fin. Servs. Inc. v. Sundance Res., Inc.*, No. 3:09-cv-253, 2009 WL 1449052, at *1 (N.D. Tex. May 21, 2009) (quoting *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983)).

SSI makes no specific argument in support of a finding that the Court "cannot accord complete relief among existing parties" in the absence of the Archdiocese. In support of a finding that the Archdiocese "is clearly a necessary party," SSI merely asserts that Plaintiff filed a Proof of Claim in the Archdiocese's bankruptcy proceeding, the Archdiocese "owned and operated" the high school at issue, and the Archdiocese employed Father Rooney. (R. Doc. 33-1 at 3).

While these assertions may serve as defenses or bases for comparative fault, SSI has not set forth any basis for concluding that the Court cannot accord Plaintiff relief based on his theories of recovery. Plaintiff seeks to recover from SSI under Louisiana tort law, which

5

provides that "the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty[.]" La. Civ. Code art. 2323. "The fundamental purpose of Louisiana's comparative fault scheme is to ensure that each tortfeasor is responsible only for that portion of the damage he has caused." *Miller v. LAMMICO*, 973 So.2d 693, 706 (La. 2008). The Court can consider comparative fault evidence regardless of whether an absent tortfeasor is joined as a party. *See Cook*, 126 F.4th at 1037; *see also Temple v. Synthes Corp., Ltd*., 498 U.S. 5, 7 ("The Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.' 28 U.S.C.App., p. 595. There is nothing in Louisiana tort law to the contrary.").

In short, SSI has failed to demonstrate that the Archdiocese is a required party pursuant to Rule 19(a)(1)(A). *Temple*, 498 U.S. at 7 ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880-81 (5th Cir. 1987) ("Rule 19 does not require the joinder of joint tortfeasors," the "joinder of principal and agent," or the joinder of persons against whom the named defendants "have a claim for contribution."); *Bates v. Laminack,* 2013 WL 1345193, at *9 (S.D. Tex. April 1, 2013) ("The fact that the existing Defendants may have some right of reimbursement, contribution, or indemnity against a non-party does not make the non-party indispensable.").

That the Archdiocese commenced a Chapter 11 bankruptcy proceeding neither requires a finding that it must be joined as a joint tortfeasor nor that this separate civil action must be stayed. *See Finger v. Jacobson*, No. 17-2893, 2017 WL 5054708, at *4 (E.D. La. Nov. 2, 2017) ("Defendants have not shown how complete relief cannot be conferred in [the Chapter 11

6

debtor's] absence or how [the Chapter 11 debtor] has an interest relating to this action."); *Luppino v. York*, 562 B.R. 894, 898 (W.D. Tex. 2016) ("By its terms the automatic stay applies *only to the debtor*, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors."); *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. 622, 646–47 (Bankr. S.D.N.Y. 2023) (rejecting argument by Chapter 11 debtor, a Catholic diocese, that state court actions against non-debtor related parties by claimants alleging sexual abuse must be stayed on the theory that the Catholic diocese was "a necessary party in nearly all those actions and would have been named in the complaints in the absence of the bankruptcy case."); *see also Lynch v. Johns-Manville Sales Corp.*, 23 B.R. 750 (S.D. Ohio 1982) (rejecting argument that absent Chapter 11 debtor was a necessary and indispensable party under Rule 19 in asbestos action, or that stay of proceeding regarding solvent defendants was merited).

In sum, SSI has not met its burden of establishing the Archdiocese is a required party under Rule 19(a)(1)(A).

## 2. Rule 19(a)(1)(B)

The Court now turns to whether the Archdiocese is a "required" party based on its claimed interest relating to the subject of this action. *See* Fed. R. Civ. P. 19(a)(1)(B). "Rule 19(a)(1)(B) is applicable only when the absent party's interest in the subject matter of the underlying action is not 'indirect or contingent,' but rather is 'of such a direct and immediate character that the absent party will either gain or lose by the direct legal operation and effect of the judgment.'" *Pavecon Holding*, 2017 WL 2539414, at *3 (quoting *United Keetoowah Band of Cherokee Indians of Okla. v. United States*, 480 F.3d 1318, 1324-25 (Fed. Cir. 2007) (collecting cases).

This rule only applies where the absent party "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B). The Archdiocese has not indicated any interest in this action by seeking to intervene.

That said, assuming the Archdiocese "claims an interest" relating to the subject of this action, the Court must first consider whether the disposition of this action would, as a practical matter, impair or impede the Archdiocese's ability to protect that interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). "This determination concerns the effects the litigation would have upon the absent party." *Broad. Music, Inc. v. Armstrong*, No. 13-0032, 2013 WL 3874082, at *6 (W.D. Tex. July 24, 2013) (citing *Dore Energy Corp. v. Prospective Inv. & Trading Co., Ltd.*, 05-1657, 2008 WL 152119, at *2 (W.D. La. Jan. 4, 2008)).

Even if the Archdiocese has an interest relating to the subject matter of this action, SSI has not articulated how this interest would be impaired if the Archdiocese is not joined as a defendant. The Archdiocese could be affected by a judgment in this action to the extent it is a joint tortfeasor and subject to a claim for indemnity or contribution. Again, Rule 19 does not require the joinder of joint tortfeasors. *See Nottingham*, 811 F.2d at 880-81; *see also Doe v. Roman Cath. Diocese of Greensburg*, 581 F. Supp. 3d 176, 195-96 (D.D.C. 2022) (rejecting argument that the Vatican and the Diocese of Pittsburgh were required parties notwithstanding the defendant's argument that they may have a "potential right to contribution or indemnity" from those absent parties). Furthermore, it is insufficient that the Archdiocese, as an absent party, might be "adversely affected by the outcome of the litigation." *Maxxim Indus. USA II, LLC v. Texas Chrome Transp., Inc.*, No. 24-00046, 2024 WL 4198448, at *4 (W.D. Tex. Aug. 23, 2024), *report and recommendation adopted*, 2024 WL 4197662 (W.D. Tex. Sept. 11, 2024) (quoting *MasterCard Int'l v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006)).

Perhaps most importantly, the Archdiocese has obtained certain protections from liability through the Chapter 11 bankruptcy proceeding. Accordingly, SSI has set forth no basis for finding that disposition of this action would, as a practical matter, impair or impede the Archdiocese's ability to protect any interest it may have in this matter.

Rule 19(a)(1)(B)(ii) requires the Court to consider whether, again assuming the Archdiocese claims an interest in the subject matter of this action, the failure to join the Archdiocese as a defendant would subject SSI to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. "Inconsistent obligations occur when an *existing* party cannot comply with one court's order without breaching the order of another court that pertains to the same incident." *Broad. Music*, 2013 WL 3874082, at *7 (citation omitted); *see James v. Valvoline, Inc.*, 159 F. Supp. 2d 544, 551 (S.D. Tex. 2001) ("This portion of Rule 19 is simply not concerned with non-parties. Rather, it focuses upon subjecting a present party . . . to inconsistent obligations because a party is missing.").

"It is the threat of inconsistent obligations not multiple litigation that is the concern of Federal Rule 19(a)." *Inmobiliaria Axial,S.A. de C.V. v. Robles Int'l Servs., Inc.*, No. 07-00269, 2007 WL 2973483, at *6 (W.D. Tex. Oct. 11, 2007) (citations omitted). The Fifth Circuit has found that the pragmatic analysis required under Rule 19 should not result in dismissal to avoid "multiple litigation" where there was "little possibility of inconsistent obligations." *See Boone v. Gen. Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir. 1982). "Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident-i.e., a risk of inconsistent adjudications or results-does not necessitate joinder of all of the parties into one

9

action pursuant to Fed. R. Civ. P. 19(a)." *Inmobiliaria,* 2007 WL 2973483, at *6 (citations omitted).

    Here, SSI asserts its desire to avoid "multiple litigation," relying with no explanation on the Fifth Circuit decision *Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir. 1970). (*See* R. Doc. 33-1 at 4). SSI does not articulate how it will face "inconsistent obligations" unless the Archdiocese is added as a party. The *Schutten* decision involved an ownership dispute over immovable property and its attendant mineral rights, concluding that the Levee Board, which also claimed ownership of the property at issue, must be joined, in part, because "the defendant has the right to be safe from needless multiple litigation *and from incurring avoidable inconsistent obligations*." *Schutten*, 421 F.2d at 873 (emphasis added). Here, SSI's obligations, if any, with respect to Plaintiff's claims will be decided solely in this lawsuit, apart from any claims for contribution or indemnification that arise from those obligations. As discussed above, SSI's potential claim for contribution or indemnification against the Archdiocese does not require a finding that the Archdiocese is a required party under Rule 19.

    In sum, SSI has failed to meet its burden of establishing that the Archdiocese is a required party under Rule 19(a)(1)(B)(ii). There is no basis to conclude that SSI could be exposed to multiple or inconstant obligations if the Archdiocese is not joined. If Plaintiff prevails, then SSI can seek any indemnity or contribution against the Archdiocese to the extent allowed in light of the bankruptcy proceeding. Similarly, if SSI prevails, then it can seek preclusion as to any claim brought against it by the Archdiocese to the extent allowed in light of the bankruptcy proceeding.

### 3. Rule 19(b)

Given the foregoing analysis under Rule 19(a), the Archdiocese is not a required party under Rule 19(a). Accordingly, the Court need not conduct any inquiry under Rule 19(b). *See Temple*, 498 U.S. at 8. That said, even if the Archdiocese was a required party, the Court would find joinder inappropriate under Rule 19(b).

There is no dispute between the parties that the joinder of the Archdiocese to this action is not feasible. "Several courts have taken the additional step of conducting a Rule 19(b) analysis in similar circumstances—where the parties dispute whether a case should proceed in the absence of a non-party debtor—with the implication being that a bankruptcy stay renders joinder of non-party debtors unfeasible." *Luppino v. York*, 562 B.R. 894, 901 (W.D. Tex. 2016) (citing cases); *see also Stoer Constr. Inc. v. Benson Sec. Sys. Inc.*, No. 22-00400, 2022 WL 4017412, at *4 (D. Ariz. Sept. 2, 2022) ("Debtor is in bankruptcy, and thus, an automatic stay applies that makes joinder infeasible."). It further appears that the approval of the Amended Chapter 11 Plan in the Archdiocese's bankruptcy proceeding will preclude the joinder of the Archdiocese to this action. *See* 11 U.S.C. § 524.

Assuming that joinder is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Here, the applicable factors weigh in favor of allowing this action to proceed among the existing parties. The first factor – the extent to which a judgment rendered in the Archdiocese's absence might prejudice the Archdiocese or the existing parties – weighs in favor of allowing the action to proceed. The rights and duties of the Archdiocese regarding any judgment in this action will be controlled by the Amended Chapter 11 Plan. Furthermore, as discussed above, any

11

judgment in this action will not prejudice SSI given the principles of comparative fault. *See* La. Civ. Code art. 2323.

The second factor – the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures – also weighs in favor of allowing the action to proceed. If SSI is found liable to Plaintiff, the Court can issue a final judgment clarifying that the judgment is only applicable to SSI (and not the Archdiocese), solely resolving all claims between Plaintiff and SSI.

The third factor – whether a judgment rendered in the Archdiocese's absence would be adequate – also weighs in favor of allowing the action to proceed. This factor considers "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 111 (1968). Whether the judgment is "adequate" in this context means the "public stake in settling disputes by wholes, whenever possible." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008) (quoting *Provident Bank*, 390 U.S. at 111). Given that the parties have had the opportunity to seek any relief with respect to the Archdiocese in its bankruptcy proceeding, the Court will be able to issue an adequate judgment in this action.

Finally, the fourth and final factor – whether the plaintiff would have an adequate remedy of the action were dismissed for nonjoinder – weighs strongly in favor of allowing this action to proceed among the existing parties. While Plaintiff filed a proof of claim in the bankruptcy proceeding, his recovery against the Archdiocese is limited given the nature of the bankruptcy proceeding and the Amended Chapter 11 Plan. Assuming that Plaintiff is able to prove his claims against SSI raised in the Complaint, the dismissal of this action would allow SSI to escape any liability, leaving Plaintiff without an adequate remedy. Accordingly, even if the foregoing factors

were neutral or weighed in favor of dismissal, the Court would conclude that this final factor weighs heavily in allowing this action to proceed even in the absence of the Archdiocese.

### III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion to Stay Proceedings or Dismiss for Failure to Include Necessary Party (R. Doc. 33) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 22, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**